FILED'06 APR 04 11:01USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                          CR 00-60091-1-AA

        Plaintiff,
                                                   OPINION AND ORDER
   v.

MARTIN SANGER,

        Defendant.
_____

AIKEN, Judge:

    Defendant, appearing pro se, moves for a second time to vacate
and/or modify his sentence pursuant to 28 U.S.C. § 2255.  The
motion is denied.

    On November 1, 2000, defendant pled guilty to being a felon in
possession of a firearm in violation of 18 U.S.C. § 922(g)(1),
while preserving his right to appeal the denial of two pretrial

1   - OPINION AND ORDER

motions.    On February 6, 2001, defendant was sentenced to 180 months imprisonment pursuant to 18 U.S.C. § 924(e).

On October 23, 2003, defendant filed his first § 2255 motion, asserting that the government failed to establish a link to interstate commerce and that the search and seizure of his person were not supported by probable cause.   I denied the motion, noting that this court and the Ninth Circuit had considered and rejected defendant's arguments.  See Opinion and Orders dated March 2, 2004 and October 6, 2000; United States v. Sanger, 2002 WL 1316503 (9th Cir. 2002).    I also denied as moot defendant's motion for appointment of counsel.

On January 6, 2006, defendant filed his present § 2255 motion. Defendant argues that he is entitled to relief pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), presumably on grounds that his sentence under the Armed Career Criminal Act was based on facts neither admitted by him nor found by a jury beyond a reasonable doubt.   Defendant's motion is denied for two reasons.

First, a second or successive motion seeking to vacate or modify a defendant's sentence is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. §§ 2244(b)(3)(A) and 2255. Defendant has already filed a motion to vacate or correct his

2    - OPINION AND ORDER

sentence; therefore, defendant must seek authorization to file a second or successive § 2255 motion from the Ninth Circuit Court of Appeals.

Second, the Supreme Court issued its decision in <u>Booker</u> after defendant was sentenced, and <u>Booker</u> does not apply retroactively on collateral review to convictions that became final before that case was decided. <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1119-20 (9th Cir. 2005). Therefore, <u>Booker</u> can not afford defendant the relief he seeks.

<u>CONCLUSION</u>

For these reasons, defendant's successive Motion Under 28 U.S.C. § 2255 to Correct, Set Aside, or Vacate Sentence (doc. 46) is DENIED.

IT IS SO ORDERED.

Dated this ___3___ day of April, 2006.


_____
         Ann Aiken
United States District Judge

3    - OPINION AND ORDER