IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARTIN SANGER,<br><br>    Defendant. | Case No. 6:00-cr-60091-AA<br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

    Defendant, appearing pro se, moves for a third time to vacate and/or modify his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

    On November 1, 2000, defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On February 6, 2001, the court sentenced defendant to the mandatory

1    - OPINION AND ORDER

minimum sentence of 180 months imprisonment pursuant to 18 U.S.C. § 924(e).

On October 23, 2003, defendant filed his first § 2255 motion, asserting that the government failed to establish a link to interstate commerce and that the search and seizure of his person were not supported by probable cause. I denied the motion, noting that this court and the Ninth Circuit had considered and rejected defendant's arguments. See Opinion and Orders dated March 2, 2004 and October 6, 2000; United States v. Sanger, 2002 WL 1316503 (9th Cir. 2002).

On January 6, 2006, defendant filed his second § 2255 motion, arguing that he was entitled to relief pursuant to United States v. Booker, 543 U.S. 220 (2005). I again denied the motion, noting that defendant could not file a successive § 2255 motion absent authorization from the Court of Appeals for the Ninth Circuit, and that Booker did not apply retroactively on collateral review to convictions that became final before that case was decided. 28 U.S.C. §§ 2244(b)(3)(A) and 2255; United States v. Cruz, 423 F.3d 1119, 1119-20 (9th Cir. 2005).

Defendant now files an application for leave to file yet another § 2255 motion. However, as indicated on the face of plaintiff's application, he must seek leave from the Ninth Circuit, not this district court. Without such authorization, this court has no jurisdiction to entertain a successive § 2255 motion.

2    - OPINION AND ORDER

Moreover, the argument raised and cases cited by defendant are not likely to be meritorious, as he was sentenced to the mandatory minimum sentence required by statute, regardless of the sentence recommended under the Sentencing Guidelines. See 18 U.S.C. § 924(e) (a person who violates § 922(g) and has three previous convictions for a violent felony or a serious drug offenses "shall be fined under this title and imprisoned not less than fifteen years"); see also U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

## CONCLUSION

Defendant's third Motion Under 28 U.S.C. § 2255 to Correct, Set Aside, or Vacate Sentence (doc. 56) is DENIED. Defendant's application to proceed in form pauperis and motion to appoint counsel (docs. 55, 57) are DENIED as moot.

IT IS SO ORDERED.

Dated this 13 day of March, 2013.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER